UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                         **DECISION AND ORDER**

v.                                                19-CR-00187(LJV)(JJM)
                                                  20-CR-00056(LJV)(JJM)
KAREEM PRYOR,

                      Defendant.
_____

           Familiarity with the prior proceedings and factual background is presumed. Before the court is defendant's "Renewed Emergency Motion [for] Reconsideration of Detention Order" based on the coronavirus pandemic. [62].[1] I denied defendant's initial motion for reconsideration of my September 24, 2019 Detention Order [9], concluding, *inter alia*, that "there is no indication of an outbreak at the facility where defendant is located". April 2, 2020 Decision and Order [57], p. 1 of 2.

           Since defendant's current motion for reconsideration was filed, two circumstances have changed. First, defendant was indicted in a second case (20-cr-00056 (LJV)(JJM)) for controlled substance offenses, and second, defendant has entered a plea of guilty in both cases.[2] For the following reasons, the motion is denied, without prejudice.

## DISCUSSION

           Defendant has renewed his motion reconsideration based on the fact that shortly after my April 2, 2020 Decision and Order, "the Niagara County Jail (where the defendant is

---

[1]     Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, all docket citations are to 19-cr-00187.
[2]     My July 9, 2020 Report and Recommendation [94] that defendant's plea of guilty accords with the requirements of Fed. R. Crim. P. ("Rule") 11 remains pending before District Judge Vilardo, without objection.

housed) and the Allegany County Jail (another pretrial detention facility used by the Marshals in the Western District of New York) both announced that a corrections officer at each facility had tested positive for the coronavirus and were out of work and quarantined at home". Defendant's Renewed Emergency Motion [62], p. 1. Defendant believes that in addition to the single officer publicly acknowledged to have COVID-19, between five and ten corrections officers were sent home that same week with virus-like symptoms. Id., p. 3. According to defendant, "the situation has changed, with the speed of an avalanche rolling down hill". Id., p. 1.

In response, the government points that the officer who tested positive was home on two scheduled days off when he began to show symptoms, and had remained home for two weeks. It further states that as of April 8, 2020, no inmates have shown any COVID-19 symptoms, and describe the various precautions being taken by the facility to limit the risk of COVID-19 exposure. Government's Response [64], pp. 2-3.

Following the government's response, another Niagara County Jail employee had tested positive for COVID-19 on or about April 14, 2020. Defendant's Reply [67], p. 1. However, as of May 5, 2020, the government reported that there were no further COVID-19 cases in either the jail staff or inmate population. Government's Response [75], p. 2. That was the last update I was provided, and assume from the lack of supplementation that the situation has not materially changed at that facility.

"While the generalized risks of COVID-19 cannot be disputed, courts have held that these risks, without more, do not amount to a material change of circumstances warranting a renewed evaluation of a prior detention order. Rather, courts evaluating whether pretrial release is necessary must evaluate the particularized risks posed to an individual defendant." United States v. Tawfik, 2020 WL 1672655, *2 (E.D. Mich. 2020).

The Centers for Disease Control and Prevention ("CDC") has identified certain individuals as being at an increased risk of severe illness from COVID-19. These include individuals of any age, who suffer from underlying medical conditions, including moderate to severe asthma, serious heart conditions, obesity, diabetes, chronic kidney disease, liver disease, or an immunodeficiency.[3]

Defendant's arguments do not justify his pretrial release. Defendant does not allege that he suffers from any condition identified by the CDC that renders him more vulnerable to COVID-19 than other inmates. See United States v. Parks, 2020 WL 1903124, *2 (W.D.N.Y. 2020) (Vilardo, J.). See also United States v. Smalls, 2020 WL 1866034, *2 (S.D.N.Y. 2020) ("in certain cases, the specific medical conditions of individual pretrial detainees may create risks so substantial that they reduce or outweigh the safety risks posed by temporary release of such detainees"). Nor has defendant "alleged that he has been exposed to the virus or that he has not received appropriate medical care". United States v. Landji, 2020 WL 1674070, *5 (S.D.N.Y. 2020). Fortunately, it also appears that the "avalanche" defendant predicted has not occurred.

While these are positive signs, I remain sensitive to the fact that defendant remains at "an elevated risk [for contracting COVID-19] . . . as compared to those living in situations where social distancing is more feasible and where the most effective cleaning products are more readily available". Smalls, 2020 WL 1866034 at *2. However, "those risks alone do not override the reasons for detention or incarceration". Parks, 2020 WL 1903124, *2. See also United States v. Rollins, 2020 WL 1482323, *2 (W.D.N.Y. 2020) (addressing a post-conviction, pre-sentence motion for release, recognizing that "[a]s serious as it is, the outbreak of

---

[3]   https://www.cdc.gov/coronavirus/2019-ncov/hcp/underlying-conditions.html (last visited July 30, 2020).

-3-

COVID-19 simply does not override the statutory detention provisions. . . . In the absence of evidence demonstrating a change in circumstances concerning [the defendant's] status as a flight risk and danger to another person or the community, detention . . . must be maintained"); United States v. Cooper, __F.Supp.3d __, 2020 WL 1577852, *3 (W.D.N.Y. 2020) (same). [4] Defendant's "understandable need and desire to maximize his ability to protect himself from infection do not reduce significantly the risk of community violence . . . that he presents." Smalls, 2020 WL 1866034 at *2.

## CONCLUSION

Recognizing "the rapidly evolving nature of this health crisis . . . and the challenges it poses to prison facilities", defendant's "Renewed Emergency Motion [for] Reconsideration of Detention Order [62] is denied, without prejudice. Landji, 2020 WL 1674070 at *6.

**SO ORDERED**.

Dated: July 31, 2020

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

---

[4] As a result of defendant's plea, his detention is mandatory unless there is clear and convincing evidence that his is not likely to flee or pose a danger to the safety of any other person or the community if released. See 18 U.S.C. §3143(a).